IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TONY MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>THE RAYMOND CORPORATION & ABC CORPORATIONS 1-3,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, The Raymond Corporation ("Raymond") hereby removes the above-captioned action from the Circuit Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Raymond states the following:

**STATE COURT LAWSUIT**

1. This case involves a Tennessee individual, Tony Montgomery, who allegedly sustained injuries to his leg arising from his use of an allegedly defective forklift, which Plaintiff alleges was manufactured by Raymond. On November 22, 2021, Plaintiff filed suit against Raymond in the Circuit Court of Shelby County, Tennessee for the 30th Judicial Circuit at Memphis, Case No. CT-4677-21. *See* Plaintiff's Complaint (Ex. A), the remaining state court

docket (Ex. B), and the to be filed Notice of Filing Notice of Removal for Shelby County Circuit Court (Ex. C).

2. Raymond now removes this case to this Court based on diversity jurisdiction.

## GROUNDS FOR REMOVAL

3. This action is removable pursuant to 28 U.S.C. § 1441.  As set forth herein, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**I.     Minimal Diversity Requirement.**

4. <u>Minimal Diversity Requirement</u>.  As alleged in Plaintiff's Complaint, this action is between citizens of different states. (Ex. A at 1).

5. Upon information and belief, including the representation on the face of Plaintiff's Complaint, Plaintiff is a citizen of Tennessee. (Ex. A at 1).

6. Raymond is a citizen of a foreign state.  Specifically, Raymond is a corporation formed under the laws of New York, with its principal place of business in New York and, therefore, is a citizen of New York for purposes of determining diversity of citizenship.

7. Plaintiff also names ABC Corporations 1-3. However, in evaluating diversity jurisdiction for removal, "the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. 1441(b)(1).

8. Accordingly, there is complete diversity among Plaintiff and Raymond, and removal is proper under 28 U.S.C. § 1332(a)(1).

**II.    Amount in Controversy Requirement.**

9. Plaintiff's Complaint does not allege a specific damage amount. Instead, it simply requests compensatory damages "in an amount that the trier of fact deems just, not to exceed the sum of Ten Million Dollars ($10,000,000)." (Ex. A at 22).

10. However, the Sixth Circuit only requires a "defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "Failure to adequately plead the amount in controversy requirement may be cured by the presence of 'clear allegations . . . that the case involved a sum well in excess of the $75,000 minimum.'" *Id.* at 573 (quoting *Cook v. Winfrey*, 141 F.3d 322, 326 (7th Cir. 1998)). In *Hayes*, the court determined that allegations the plaintiffs were "seeking unspecified and unliquidated damages, that based upon a fair reading of [plaintiffs'] complaint, will exceed Seventy Five Thousand Dollars ($75,000) if proven" was sufficient to clear defendant's removal burden. *Id.*

11. Here, Plaintiff alleges "serious and permanent personal injuries, including the severe crush injury of his left leg, which eventually led to amputation of the left leg below Plaintiff's knee," among other injuries. (*See, e.g.*, Ex. A ¶ 77). Based upon a fair reading of Plaintiff's Complaint, damages will exceed Seventy Five Thousand Dollars ($75,000) if proven. *See, e.g.*, *Wagner v. Clark Equip. Co., Inc.*, 243 Conn. 168, 700A.2d 38 (1997) (noting a jury award of $3 million in damages for a lower left leg amputation that resulted from a forklift running over plaintiff's foot).

12. Accordingly, Raymond has shown that it is more likely than not that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). Therefore, the jurisdictional amount is satisfied in this case, and removal is proper under 28 U.S.C. § 1332 (a)(1).

## PROCEDURAL REQUIREMENTS

13. <u>Timeliness of Removal</u>.  This Notice of Removal is timely because it is being filed within 30 days of Raymond receiving, through service or otherwise, a copy of Plaintiff's Complaint.  28 U.S.C. § 1446(b)(1).  Raymond was served through its registered agent, CSC, by personal service on December 3, 2021.

14. <u>Removal to Proper Court</u>.  This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, Shelby County, Tennessee.  28 U.S.C. §§ 1441(a), 1446(a).

15. <u>Filing and Service</u>.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the Circuit Court of Shelby County, Tennessee and served on all counsel of record.

16. <u>Pleadings and Process</u>.  Raymond has not been served with any process, pleadings, or orders in this action other than the Summons and Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(a).

17. Raymond reserves all of its rights and defenses, including without limitation those rights and defenses under Fed. R. Civ. P. 12 and will timely respond to the Plaintiff's Complaint in accordance with Fed. R. Civ. P. 81.

Respectfully submitted this 30th day of December, 2021.

/s/ Charles F. Morrow
Charles F. Morrow, TN Bar No. 013890
Katelyn R. Ashton, TN Bar No. 036722
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
E-mail: chip.morrow@butlersnow.com
E-mail: katelyn.ashton@butlersnow.com

*Attorneys for Defendant The Raymond Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the CM/ECF filing system on December 30th, 2021, thereby sending an electronic Notice of Filing to all counsel of record, as well as by U.S. Mail to the following counsel of record for Plaintiff:

Joshua D. Moore
Morgan & Morgan, P.A.
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979

/s/ Charles F. Morrow
Charles F. Morrow