# EXHIBIT A

ELECTRONICALLY FILED
2021 Nov 22 1:36 PM
CLERK OF COURT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE 30TH JUDICIAL CIRCUIT AT MEMPHIS**

**TONY MONTGOMERY, a Tennessee citizen,**

**Plaintiff,**

**CASE NO:**

**v.**

**THE RAYMOND CORPORATION, a New York Corporation, & ABC CORPORATIONS 1-3,**

**Defendants.** /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tony Montgomery, through his undersigned counsel, hereby files his Complaint against Defendants, The Raymond Corporation ("Raymond"), and ABC Corporations Nos. 1 through 3. In support thereof, Plaintiff states:

**SUMMARY OF THE ACTION**

1. This is an action for strict liability and negligence for catastrophic injuries and damages, including but not limited to the amputation of Plaintiff's leg, arising from a defective and unreasonably dangerous product – a Raymond Stand-Up Counterbalance Forklift and its component parts (hereinafter the "Subject Forklift"). While using the defective Subject Forklift in a reasonably foreseeable and intended manner at work, Mr. Montgomery's leg got outside the passenger compartment, was trapped against a stair beam, and ultimately had to be amputated.

2. Plaintiff, Tony Montgomery, now sues Defendants, Raymond and ABC Corporations 1-3, for their respective roles in designing, manufacturing, importing,

distributing, supplying, servicing, maintaining, repairing, and selling the Subject Forklift in its defective condition.

**THE PARTIES**

3. Plaintiff, Tony Montgomery ("Plaintiff" or "Tony") is and was at all times material hereto a resident of Tennessee.

4. Defendant Raymond is a New York corporation with its principal place of business at 22 South Canal Street, Greene, New York 13778. At all times pertinent to this action, Defendant Raymond was incorporated as a New York corporation, was regularly doing business with the State of Tennessee, and has sold products within the State of Tennessee that it imported, manufactured, and/or designed.

5. Raymond can be served at its registered agent for service of process, listed with the New York Secretary of State as Corporation Service Company located at 80 State Street, Albany, New York 12207-2543.

6. Raymond is in the business of and derives substantial profit from designing, engineering, manufacturing, importing, distributing, leasing, renting, supplying, marketing, testing, inspecting, providing maintenance and service, and selling a wide range of construction and contracting equipment – including the Subject Forklift.

7. Raymond tested, inspected, advertised, rented, leased, provided maintenance, serviced, and/or sold the Subject Forklift.

8. Doe Defendants ABC Corporations 1-3, whose identities and whereabouts are currently unknown, are subject to the jurisdiction and venue of this Court. Defendants ABC Corporations Nos. 1 through 3 will be named and served with Summons and Complaint once their respective identities are revealed.

9. Doe Defendants ABC Corporations 1-3 were at all times material hereto in

the business of manufacturing, designing, inspecting, engineering, testing, distributing, marketing, importing, and/or selling forklift machines and component parts including the Subject Forklift that was involved in the incident that forms the basis for this Complaint.

**JURISDICTION & VENUE**

10. This civil action is brought under theories of strict liability and negligence.

11. Jurisdiction and venue are proper in this Honorable Court.

12. Venue is properly situated in Shelby County pursuant to Tenn. Code. Ann §§ 20-4-101 and 20-4-104, Tennessee Code.

13. This Court is authorized to exercise personal jurisdiction over The Raymond Corporation pursuant to the Tennessee Long-Arm Statute, T.C.A. § 20-2-214(a).

14. This Court is authorized to exercise personal jurisdiction over The Raymond Corporation because Raymond is engaged in such regular, continuous, and systematic business in Tennessee that Raymond may fairly be regarded as at home in Tennessee.

15. Defendant Raymond regularly transacts business in the State of Tennessee and have committed a tort in the State of Tennessee and are subject to the jurisdiction and venue of this Court.

16. Raymond designed, manufactured, marketed, advertised, promoted, distributed, sold and ultimately placed into the stream of commerce the Subject Forklift at issue.

17. Raymond has continuing contacts with Tennessee by transacting substantial business in this state and manufacturing, distributing, marketing, and/or selling goods with reasonable expectation that they will be used in this state and which are in fact used in this state.

18. The Subject Forklift was advertised, marketed, sold, distributed, and place into the stream of commerce through the engagement by Raymond of one or more distributors and/or retailers who sell and distribute Raymond products, including the Subject Forklift and similar machines, to consumers in this state.

## FACTS

19. On the date of the incident Tony was working for the temporary agency ProLogistix located at 5425 East Raines Rd., Suite 11, Memphis, TN 38115. Tony was assigned to work for Barrett Distribution Centers located at 6100 E. Holmes Rd., Memphis, TN 38118.

20. Tony had been a Barrett certified PIV operator since August 3, 2020.

21. On December 11, 2020, at approximately 11:00 a.m., Tony was operating the Subject Forklift at the Barrett Distribution Centers on the designated main drive.

22. Tony was unable to stop the Subject Forklift and as a result, his leg was pinned against a stair beam, crushing it.

23. Immediately following the incident Tony was brought to Regional One via ambulance.

24. Tony's leg had to be amputated and he spent twenty days in the hospital following surgery.

## COUNT I – STRICT LIABILIY OF DEFENDANT RAYMOND

25. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 of this Complaint as if fully stated herein.

26. Defendant Raymond was the designer and manufacturer of the Subject Forklift that Plaintiff Tony Montgomery was operating at the time he suffered his injuries.

27. At that time the Subject Forklift was designed, manufactured, produced,

distributed, and sold it was in a defective condition that was unreasonably dangerous for the use of a consumer, which includes but is not limited to the following:

a. The Subject Forklift was generally defective in its design, manufacture, assembly, and warnings because it failed to provide an adequate and reliable braking system to prevent collision when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;

b. The Subject Forklift was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused it to malfunction resulting in serious bodily injury to the Plaintiff

c. The Subject Forklift was defective because it was not designed adequately and lacked any protection for an operator's appendages under normal and foreseeable use of the machine, which rendered it unreasonably dangerous and resulted in serious bodily injury to the Plaintiff;

d. The Subject Forklift was defective because it was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused it to malfunction resulting in serious bodily injury to the Plaintiff;

e. The failure to provide a door to the cab/operator's compartment of the forklift or any safety device whatsoever to ensure that the operator's feet or legs did not leave the operator's compartment;

f. The failure to provide a bumper to prevent the operator's foot or leg from being crushed in the event it left the operator's compartment;

g. The failure to warn Plaintiff and other intended and foreseeable end-users of the inherent dangers in the operation of a Raymond standing forklift model;

h. Failing to adequately test the braking system in foreseeable operating conditions;

i. Failing to design the braking system for foreseeable operating conditions, including warehouse and factory environments and the lack of a door to the operator's compartment; and

j. The Subject Forklift was defective due to inadequate, or absent, warning stickers, placards, or any proper documentation or notice to alert users regarding the dangerous and defective conditions, as described above, involving the use of the Subject Forklift.

28. Based upon information and belief, the Subject Forklift was wrongfully designed, developed, tested, maintained, refurbished, manufactured, assembled, distributed, imported, marketed, and/or sold by Defendant Raymond such that the Subject Forklift was ultimately placed into the stream of commerce as a result of the wrongful acts committed by its officers, employees, representatives and/or agents while the Subject Forklift was in a defective and/or unreasonably dangerous condition within the meaning of T.C.A.§29-28-101, *et. seq*. the Tennessee Product Liability Act.

29. The Subject Forklift's defective conditions above rendered the Subject Forklift unreasonably dangerous for its intended or foreseeable use.

30. The Subject Forklift's defective condition existed at the time the Subject Forklift left Raymond's final possession, custody, and control.

31. The Subject Forklift remained substantially unchanged from the time it left

Raymond's final possession, custody, and control to the time of the incident giving rise to this lawsuit.

32. Defendant Raymond is strictly liable for designing, manufacturing, testing, producing, selling, promoting, distributing, advertising, supplying, maintaining, servicing, and placing on the market and into the stream of commerce standing forklifts and their component parts, which were defective and dangerous to their intended and foreseeable users and consumers, including Plaintiff Tony Montgomery.

33. Further, Defendant Raymond, knew of or should have known of the dangerous and defective conditions present in its standing forklift models and failed to notify their intended and foreseeable users and consumers, including Plaintiff Tony Montgomery.

34. Defendant Raymond knew intended and foreseeable users and consumers, including Plaintiff Tony Montgomery, would use the standing forklifts without inspection and that the dangerous and defective conditions were not readily apparent.

35. Plaintiff Tony Montgomery was using the Subject Forklift in an intended and foreseeable manner.

36. Defendant Raymond failed to provide adequate warnings and/or safeguards for the dangerous and defective conditions in the Subject Forklift.

37. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, and Defendant Raymond's strictly liable conduct, Plaintiff Tony Montgomery suffered injuries and damages which are described herein and further below:

a. Plaintiff suffered catastrophic and permanent personal injuries, including the severe crush injury of his left leg, which eventually led to amputation of the left leg below his knee;

b. Plaintiff was caused and will continue to be caused great physical and mental pain and suffering and severe emotional distress;

c. Plaintiff was caused and will continue to incur medical costs and damages and related incidental costs;

d. Loss of enjoyment of life;

e. Loss of earnings and the ability to earn money in the future;

f. Permanent disability; and

g. Prejudgment interest, attorney's fees, and costs as permitted by law.

38. Despite knowing of a large number of substantially similar incidents, Defendant Raymond continued to design, warrant, manufacture, and sell forklifts of the same design – including the Subject Forklift Model Line – without providing adequate warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently, and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct was done in conscious disregard for the rights, safety, and health of forklift users, including Plaintiff Tony Montgomery.

**WHEREFORE**, Plaintiff, Tony Montgomery, demands judgment for any and all damages available under all applicable Tennessee law against Defendant, The Raymond Corporation, and for such other and further relief deemed proper by the Court.

**<u>COUNT II – NEGLIGENCE AGAINST THE RAYMOND CORPORATION</u>**

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 of this Complaint as if fully stated herein.

40. Plaintiff states further that Defendant Raymond was negligent in its design, production, manufacturer, promotion, advertising, sale, assembly, distribution, testing, maintenance, and repair of the Subject Forklift.

41. Defendant Raymond exercising the judgment of a prudent manufacture and designer of ordinary care should have discovered and foreseen the potential problems from the defective and unreasonably dangerous conditions in the Subject Forklift when it put the product onto the market.

42. In addition to the defective braking system, it is foreseeable that if a standing forklift is in a collision and there is no barrier to keep the operator's legs and feet inside of the operator's compartment, the Plaintiff's leg can leave the operator's compartment and be pinned by the forklift, causing catastrophic injury and loss of the limb.

43. Defendant Raymond owed a duty to the Plaintiff Tony Montgomery, and all forklift operators, to properly design, engineer, manufacture, test, inspect, supply, distribute, and sell the Subject Forklift in a reasonably safe condition and without defect so as not to present a danger to persons who would reasonably and foreseeably use the Subject Forklift, including Plaintiff Tony Montgomery.

44. Defendant Raymond owed a duty to Plaintiff Tony Montgomery, and all forklift operators, to provide adequate warnings and instructions about the dangers associated with using the Subject Forklift and how to protect against these dangers.

45. Raymond breached the above duties.

46. Defendant Raymond breached its duty to Plaintiff by failing to discover, foresee, and address the defective and dangerous conditions in the Subject Forklift.

47. Defendant Raymond further breached its duty at the time by failing to warn

Plaintiff or other intended and foreseeable end-users of this product of the defective and unreasonably dangerous conditions in the Subject Forklift.

48. Defendant Raymond, by and through its authorized dealers, agents, servants, employees and/or contractors, negligently and carelessly breached its duty of care, by the following:

a. Designing, manufacturing, assembling, and selling the Subject Forklift, which was defective and inherently dangerous;

b. Negligently designing, manufacturing, inspecting, testing, selling, and distributing a dangerous and defective forklift;

c. Failing to take proper precautions and safeguards to ensure that the forklift was fit, proper, and reasonably safe for the use for which it was intended and safe for the environment in which it was to be used;

d. Failing to give the Plaintiff and other intended and foreseeable end-users sufficient warnings, training, and instructions on the proper operation of the vehicle;

e. Failing to give the Plaintiff and other intended and foreseeable end-users sufficient warnings, training, and instructions on the risks of the operator's legs and feet leaving the operator's compartment;

f. Failing to require of its customers sufficient training and instruction on the proper operation of the vehicle and the risks of the operator's legs and feet leaving the operator's compartment;

g. Failing to reasonably design, engineer, test, manufacture, install, assemble, maintain the Subject Forklift, including its components and accessories;

h. Failing to provide a door to the cab/operator's compartment of the forklift or any safety device whatsoever to ensure that the operator's feet or legs did not leave the operator's compartment;

i. Failing to provide a bumper to prevent the operator's foot or leg from being crushed in the event it left the operator's compartment;

j. Failing to provide any protection for an operator's foot or leg during foreseeable use and especially in the event the operator's appendages left the operator's compartment;

k. Failing to warn Plaintiff and other intended and foreseeable end-users of the inherent dangers in the operation of a Raymond standing forklift model;

l. Failing to avoid catastrophic injury and a result that could have been avoided through the exercise of reasonable care;

m. Failing to adequately test the braking system in foreseeable operating conditions;

n. Failing to design the braking system for foreseeable operating conditions, including warehouse and factory environments; and

o. Despite Raymond's knowledge of defects in their standing forklift models and receipt of reports of hundreds of accidents involving serious injuries from the design of Raymond's standing forklift models – including the defective braking system and failure to put a door or barrier on the operator's compartment – Raymond continued to design, manufacture, produce, sell, test, promote, distribute, maintain, repair, and service its standing forklift models with wanton and reckless disregard or the health and safety of the operators of such forklifts.

49. Based upon information and belief, the Subject Forklift was negligently and wrongfully maintained, supplied, refurbished, designed, developed, tested, manufactured, imported, distributed, marketed, and sold by Defendant Raymond such that the Subject Forklift was ultimately placed into the Tennessee stream of commerce as a result of the wrongful acts committed by its officers, employees, representatives and/or agents while the Subject Forklift was in a defective and/or unreasonably dangerous condition within the meaning of T.C.A.§29-28-101, *et. seq*. the Tennessee Product Liability Act.

50. As a direct and proximate result of Defendant Raymond's negligence, Plaintiff suffered injuries and damage, as set forth herein and in further detail below:

a. Plaintiff suffered serious and permanent personal injuries, including the severe crush injury of his left leg, which eventually led to amputation of the left leg below Plaintiff's knee;

b. Plaintiff was caused and will continue to be caused great physical and mental pain and suffering and severe emotional distress;

c. Plaintiff was caused and will continue to incur medical costs and damages and related incidental costs;

d. Loss of enjoyment of life;

e. Loss of earnings and the ability to earn money in the future;

f. Permanent disability; and

g. Prejudgment interest, attorney's fees, and costs as permitted by law.

51. Despite knowing of a large number of substantially similar incidents, Defendant Raymond continued to design, warrant, manufacture, and sell forklifts of the same design – including the Subject Forklift Model Line – without providing adequate

warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently, and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct was done in conscious disregard for the rights, safety and health of forklift users, including Plaintiff Tony Montgomery.

**WHEREFORE**, Plaintiff, Tony Montgomery, demands judgment for any and all damages available under all applicable Tennessee law against Defendant, The Raymond Corporation, and for such other and further relief deemed proper by the Court.

**COUNT III – STRICT LIABILITY OF DOE DEFENDANTS ABC CORPORATIONS 1-3**

52. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 of this Complaint as if fully stated herein.

53. Defendants were the designers and manufacturers of the Subject Forklift that Plaintiff Tony Montgomery was operating at the time he suffered his injuries.

54. At that time the Subject Forklift was designed, manufactured, produced, distributed, and sold it was in a defective condition that was unreasonably dangerous for the use of a consumer, which includes but is not limited to the following:

a. The Subject Forklift was generally defective in its design, manufacture, assembly, and warnings because it failed to provide an adequate and reliable braking system to prevent collision when in use as advertised and marketed, and was furnished without adequate warnings for safe usage;
b. The Subject Forklift was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused it to malfunction resulting in serious bodily injury to the Plaintiff;

c. The Subject Forklift was defective because it was not manufactured or assembled adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused it to malfunction resulting in serious bodily injury to the Plaintiff;

d. The failure to provide a door to the cab/operator's compartment of the forklift or any safety device whatsoever to ensure that the operator's feet or legs did not leave the operator's compartment;

e. The failure to provide a bumper to prevent the operator's foot or leg from being crushed in the event it left the operator's compartment;

f. The failure to warn Plaintiff and other intended and foreseeable end-users of the inherent dangers in the operation of a Raymond standing forklift model;

g. Failing to adequately test the braking system in foreseeable operating conditions;

h. Failing to design the braking system for foreseeable operating conditions, including warehouse and factory environments and the lack of a door to the operator's compartment; and

i. The Subject Forklift was defective due to inadequate, or absent, warning stickers, placards, or any proper documentation or notice to alert users regarding the dangerous and defective conditions, as described above, involving the use of the Subject Forklift.

55. Based upon information and belief, the Subject Forklift was wrongfully designed, developed, tested, maintained, refurbished, manufactured, assembled, distributed, imported, marketed, and/or sold by Defendants such that the Subject Forklift

was ultimately placed into the stream of commerce as a result of the wrongful acts committed by its officers, employees, representatives and/or agents while the Subject Forklift was in a defective and/or unreasonably dangerous condition within the meaning of T.C.A.§29-28-101, *et. seq*. the Tennessee Product Liability Act.

56. The Subject Forklift's defective conditions above rendered the Subject Forklift unreasonably dangerous for its intended or foreseeable use.

57. The Subject Forklift's defective condition existed at the time the Subject Forklift left Raymond's final possession, custody, and control.

58. The Subject Forklift remained substantially unchanged from the time it left Defendants' final possession, custody, and control to the time of the incident giving rise to this lawsuit.

59. Defendants are strictly liable for designing, manufacturing, testing, producing, selling, promoting, distributing, advertising, supplying, maintaining, servicing, and placing on the market and into the stream of commerce standing forklifts and their component parts, which were defective and dangerous to their intended and foreseeable users and consumers, including Plaintiff Tony Montgomery.

60. Further, Defendants, knew of or should have known of the dangerous and defective conditions present in its standing forklift models and failed to notify their intended and foreseeable users and consumers, including Plaintiff Tony Montgomery.

61. Defendants knew intended and foreseeable users and consumers, including Plaintiff Tony Montgomery, would use the standing forklifts without inspection and that the dangerous and defective conditions were not readily apparent.

62. Plaintiff Tony Montgomery was using the Subject Forklift in an intended and foreseeable manner.

63. Defendants failed to provide adequate warnings and/or safeguards for the dangerous and defective conditions in the Subject Forklift.

64. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Forklift, and Defendants' strictly liable conduct, Plaintiff Tony Montgomery suffered injuries and damages which are described herein and further below:

a. Plaintiff suffered catastrophic and permanent personal injuries, including the severe crush injury of his left leg, which eventually led to amputation of the left leg below his knee;
b. Plaintiff was caused and will continue to be caused great physical and mental pain and suffering and severe emotional distress;
c. Plaintiff was caused and will continue to incur medical costs and damages and related incidental costs;
d. Loss of enjoyment of life;
e. Loss of earnings and the ability to earn money in the future;
f. Permanent disability; and
g. Prejudgment interest, attorney's fees, and costs as permitted by law.

65. Despite knowing of a large number of substantially similar incidents, Defendants continued to design, warrant, manufacture, and sell forklifts of the same design – including the Subject Forklift Model Line – without providing adequate warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently, and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct was done in conscious disregard for the rights, safety and health of forklift users, including Plaintiff Tony Montgomery.

**WHEREFORE**, Plaintiff, Tony Montgomery, demands judgment for any and all damages available under all applicable Tennessee law against Doe Defendants ABC Corporations 1-3, and for such other and further relief deemed proper by the Court

**COUNT IV – NEGLIGENCE AGAINST DOE DEFENDANTS ABC CORPORATIONS 1-3**

66. Plaintiff re-alleges and incorporates Paragraphs 1 through 24 of this Complaint as if fully stated herein.

67. Plaintiff states further that Defendants negligent in its design, production, manufacturer, promotion, advertising, sale, assembly, distribution, testing, maintenance, and repair of the Subject Forklift.

68. Defendants exercising the judgment of a prudent manufacture and designer of ordinary care should have discovered and foreseen the potential problems from the defective and unreasonably dangerous conditions in the Subject Forklift when it put the product onto the market.

69. In addition to the defective braking system, it is foreseeable that if a standing forklift is in a collision and there is no barrier to keep the operator's legs and feet inside of the operator's compartment, the Plaintiff's leg can leave the operator's compartment and be pinned by the forklift, causing catastrophic injury and loss of the limb.

70. Defendants owed a duty to the Plaintiff Tony Montgomery, and all forklift operators, to properly design, engineer, manufacture, test, inspect, supply, distribute, and sell the Subject Forklift in a reasonably safe condition and without defect so as not to present a danger to persons who would reasonably and foreseeably use the Subject Forklift, including Plaintiff Tony Montgomery.

71. Defendants owed a duty to Plaintiff Tony Montgomery, and all forklift operators, to provide adequate warnings and instructions about the dangers associated with using the Subject Forklift and how to protect against these dangers.

72. Defendants breached the above duties.

73. Defendants breached their duty to Plaintiff by failing to discover, foresee, and address the defective and dangerous conditions in the Subject Forklift.

74. Defendants further breached its duty at the time by failing to warn Plaintiff or other intended and foreseeable end-users of this product of the defective and unreasonably dangerous conditions in the Subject Forklift.

75. Defendants, by and through their authorized dealers, agents, servants, employees and/or contractors, negligently and carelessly breached its duty of care, by the following:

a. Designing, manufacturing, assembling, and selling the Subject Forklift, which was defective and inherently dangerous;

b. Negligently designing, manufacturing, inspecting, testing, selling, and distributing a dangerous and defective forklift;

c. Failing to take proper precautions and safeguards to ensure that the forklift was fit, proper, and reasonably safe for the use for which it was intended and safe for the environment in which it was to be used;

d. Failing to give the Plaintiff and other intended and foreseeable end-users sufficient warnings, training, and instructions on the proper operation of the vehicle;

e. Failing to give the Plaintiff and other intended and foreseeable end-users sufficient warnings, training, and instructions on the risks of the operator's legs and feet leaving the operator's compartment;

f. Failing to require of its customers sufficient training and instruction on the proper operation of the vehicle and the risks of the operator's legs and feet leaving the operator's compartment;

g. Failing to reasonably design, engineer, test, manufacture, install, assemble, maintain the Subject Forklift, including its components and accessories;

h. Failing to provide a door to the cab/operator's compartment of the forklift or any safety device whatsoever to ensure that the operator's feet or legs did not leave the operator's compartment;

i. Failing to provide a bumper to prevent the operator's foot or leg from being crushed in the event it left the operator's compartment;

j. Failing to warn Plaintiff and other intended and foreseeable end-users of the inherent dangers in the operation of a standing forklift model;

k. Failing to avoid catastrophic injury and a result that could have been avoided through the exercise of reasonable care;

l. Failing to adequately test the braking system in foreseeable operating conditions;

m. Failing to design the braking system for foreseeable operating conditions, including warehouse and factory environments; and

n. Despite Defendants' knowledge of defects in their standing forklift models and receipt of reports of hundreds of accidents involving serious injuries from the design of Defendants' standing forklift models – including the

defective braking system and failure to put a door or barrier on the operator's compartment – Defendants continued to design, manufacture, produce, sell, test, promote, distribute, maintain, repair, and service its standing forklift models with wanton and reckless disregard or the health and safety of the operators of such forklifts.

76. Based upon information and belief, the Subject Forklift was negligently and wrongfully maintained, supplied, refurbished, designed, developed, tested, manufactured, imported, distributed, marketed, and sold by Defendant Raymond such that the Subject Forklift was ultimately placed into the Tennessee stream of commerce as a result of the wrongful acts committed by its officers, employees, representatives and/or agents while the Subject Forklift was in a defective and/or unreasonably dangerous condition within the meaning of T.C.A.§29-28-101, *et. seq*. the Tennessee Product Liability Act.

77. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damage, as set forth herein and in further detail below:

a. Plaintiff suffered serious and permanent personal injuries, including the severe crush injury of his left leg, which eventually led to amputation of the left leg below Plaintiff's knee;

b. Plaintiff was caused and will continue to be caused great physical and mental pain and suffering and severe emotional distress;

c. Plaintiff was caused and will continue to incur medical costs and damages and related incidental costs;

d. Loss of enjoyment of life;

e. Loss of earnings and the ability to earn money in the future;

f. Permanent disability; and

g. Prejudgment interest, attorney's fees, and costs as permitted by law.

78. Despite knowing of a large number of substantially similar incidents, Defendants continued to design, warrant, manufacture, and sell forklifts of the same design – including the Subject Forklift Model Line – without providing adequate warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently, and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct was done in conscious disregard for the rights, safety and health of forklift users, including Plaintiff Tony Montgomery.

**WHEREFORE**, Plaintiff, Tony Montgomery, demands judgment for any and all damages available under all applicable Tennessee law against Doe Defendants ABC Corporations 1-3 and for such other and further relief deemed proper by the Court.

**WHEREFORE**, Plaintiff, Tony Montgomery, demands judgment against Defendants, in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00 for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

Plaintiff TONY MONTGOMERY, prays for the following relief against Defendants, THE RAYMOND CORPORATION & ABC CORPORATIONS, for the following:

i. Compensatory damages in an amount that the trier of fact deems just, not to exceed the sum of Ten Million Dollars ($10,000,000);

ii. All costs of the Court and all discretionary costs, including but not limited to all expert fees, court reporter fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs allowable by statute, common law and/or pursuant to Rule 54 of the Tennessee Rules of Civil Procedure, be taxed to the Defendant immediately upon entry of any judgment in this cause;

iii. All pre-judgment interest and post judgment interest allowable by common law or statute as part of the relief requested herein;

iv. Trial by jury on all issues; and

v. Such other further relief as this Honorable Court deems appropriate.

**JURY DEMAND**

Plaintiff, TONY MONTGOMERY, hereby demands a jury trial on all issues so triable.

DATED: November 22, 2021

Respectfully Submitted,

**/s/ Joshua D. Moore**
**JOSHUA D. MOORE**
Tennesesse Bar No. 026491
**Morgan & Morgan, P.A.**
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Primary Emails:
joshmoore@forthepeople.com
Secondary email:
tcminer@forthepeople.com
Telephone Phone: (407) 420-1414
*Attorney for Plaintiff*